## STATE

### v.

### William ARMES.

### No. 90–547–C.A.

Supreme Court of Rhode Island.

March 11, 1993.

### ORDER

This case came before this court for oral argument on March 5, 1993, pursuant to an order directed to the defendant, William Armes, to appear and show cause why we should not summarily deny and dismiss the defendant's appeal.

The defendant appeals from his conviction on one count of first-degree sexual assault child molestation, and three counts of second-degree sexual assault child molestation. On this appeal, defendant claims: (1) defendant was denied effective assistance of counsel at trial, (2) the trial justice erred in denying defendant's motion for a new trial based on newly discovered evidence, (3) the jury verdict was against the great weight of the evidence, and (4) that the trial justice erred in refusing defendant's request to subpoena a witness and in denying defendant's request to call as witnesses the victim's foster parents.

We are persuaded by the inadequacy of this record not to resolve these issues at this time. On January 8, 1993, as part of this court's show cause order, Chief Justice Fay ordered the State to expedite a hearing before a Superior Court justice addressing the ineffective assistance-of-counsel claim. This expedited hearing has not yet occurred. In addition, we have no transcript of the hearing in which the trial justice denied defendant's motion for a new trial on the grounds of newly discovered evidence. Absent this transcript, we deem the record in the instant case inadequate for appellate review. Our examination of the complete record is essential to the exercise of our appellate function.

Hence, we must defer our resolution of all issues in connection with the defendant's appeal until we have before us the requisite court records including the transcripts of those matters heard, and until there has been an evidentiary hearing on the application for post conviction relief.

We therefore deny the defendant's appeal without prejudice. We remand this case to Superior Court for further proceedings consistent with the articulated matters alluded to in this order.